IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EL LUTERIO OROZCO-PINEDA,

        Movant,

v.                                     1:07-CR-145-WSD-LTW-1

UNITED STATES OF AMERICA,

        Respondent.

## OPINION AND ORDER

On April 30, 2009, the Court sentenced Movant to 235 months imprisonment following his guilty plea to conspiracy to possess controlled substances [315]. The United States Court of Appeals for the Eleventh Circuit affirmed the sentence [403].

In 2010, Movant moved under 28 U.S.C. § 2255 to challenge his sentence [413] (the "2255 Motion"). The Court denied the 2255 Motion on February 22, 2011 (the "February 2011 Order") [421, 422]. The Court also denied Movant a certificate of appealability ("COA") [421]. It appears from the docket that Movant was not served with a copy of the February 2011 Order [457 at n.1].[1]

---

[1] Movant claims he sent letters sometime in 2012 and 2013 to ask about the status of his Section 2255 motion but did not receive a response. There is no indication

In February 2014, Movant filed his "motion for disposition of pending motion under 28 U.S.C. § 2255," in which he stated that he did not receive a copy of the February 2011 Order [456 at 1].  Movant stated in the motion that his 2255 Motion "has been filed and fully briefed for over two (2) years" without resolution.  Id.

The Court denied as moot Movant's motion for disposition because the 2255 Motion had been resolved three years earlier [457].  The Court directed the Clerk to send Movant a copy of the February 2011 Order.  Id.  The Clerk forwarded a copy of the order on April 3, 2014.

On April 9, 2014, Movant filed his "motion to vacate sentencing judgment and reenter said judgment to restart time period for filing notice of appeal" [458 at 1].[2]  Although Movant uses the term "sentencing judgment," the Court interprets his motion as a request to reenter the February 2011 Order.  Id. at 1-3.  This interpretation is reinforced by Movant's statement that he seeks relief because he did not receive, until April 2014, a copy of the February 2011 Order and that the failure to receive it was "due to no fault of his own."  Id.  Movant seeks to "restart

---

in the Court's records that these letters were received and, even if they were, they do not impact the Court's decision in this matter.

[2] A prisoner proceeding *pro se* is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing.  Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Movant mailed his motion on April 9, 2014 [458 at 3].

the time to file Notice of Appeal and request for COA to the Eleventh Circuit Court of Appeals." Id. at 2-3.

Federal Rule of Appellate Procedure 4(a) governs the time to file an appeal in a Section 2255 proceeding. See Rule 11(b), Rules Governing § 2255 Proceedings for the U.S. District Courts. Rule 4(a) requires a notice of appeal to be filed within "60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B). Movant thus had until April 25, 2011, to file a notice of appeal of the Court's February 2011 Order denying his 2255 Motion. Rule 4(a)(5) also allowed Movant to file a motion to extend the time to appeal the February 2011 Order. See Fed. R. App. P. 4(a)(5). Movant asserts he did not learn about the February 2011, Order until April 2014, and, as a result, Movant claims he was not able to file a motion for extension by May 25, 2011, or otherwise file his notice of appeal.

The Court construes Movant's April 9, 2014, motion as one under Rule 4(a)(6) of the Federal Rules of Appellate Procedure requesting to reopen the time to file an appeal of the Section 2255 judgment entered on February 22, 2011. See Petrola v. United States, 422 F. App'x 773, 775-76 (11th Cir. 2011) ("Where a party claims that the time to file a notice of appeal should be extended or reopened because he did not receive notice of an appealable order or judgment, the claim is

best analyzed under Rule 4(a)(6), which was designed to address this situation.").

Rule 4(a)(6) provides:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;[3]
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). "Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." Vencor Hosps., Inc. v. Standard Life and Accident Ins. Co., 279 F.3d 1306, 1311 (11th Cir. 2002) ("In so holding, we join all of the other circuits examining this issue.").

---

[3] Rule 77(d) (1) requires that the Clerk of Court serve notice of the entry of an order or judgment immediately upon entry. Rule 77(d)(2) provides: "Lack of notice of the entry [of the judgment or order] does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Fed. R. Civ. P. 77(d)(1) and (2).

Based on the facts here, Movant's motion to reopen the time to appeal the Section 2255 judgment must be denied. The motion was not filed within the earliest of Movant's receipt of notice under Rule 77(d) of the Federal Rules of Civil Procedure or 180 days of February 22, 2011, the date on which the judgment and associated order were entered. In this case, the earliest date was 180 days of February 22, 2011. "Under the plain meaning of Rule 4(a)(6), district courts are authorized to reopen the time for filing an appeal based on lack of notice *solely* within 180 days of the judgment or order." Id. at 1310 (emphasis added). The "advisory committee's notes [further] evidence an intent to provide an exclusive, limited opportunity for relief when a party fails to receive notice of the entry of a judgment or order." Id. at 1310-11.

Rule 4(a)(6) is inflexible where a motion to reopen the time to appeal is filed more than 180 days after entry of the judgment or order at issue, even though the party seeking to appeal did not receive notice of the entry within the 180-day period. The "Supreme Court has interpreted the time limit provided by Rule 4(a)(6) as a jurisdictional bar to appeal." Petrola, 422 F. App'x at 776 (citing Bowles v. Russell, 551 U.S. 205, 213 (2007)).[4] The Court thus "lack[s] the

---

[4] In Bowles, "the Supreme Court [also] rejected the petitioner's argument that the unique circumstances doctrine excused his failure to file a notice of appeal within Rule 4(a)(6)'s" time period. Kelly v. United States, 477 F. App'x 532, 536 (11th

authority to fashion an exception to this rule since [Movant's] motion to file an out-of-time notice of appeal exceeded the 180 days provided for by the Rule 4(a)(6) exception," that is, the Court's "hands [are] tied by Rule 4(a)(6)." See id. (affirming denial of motion to reopen time to appeal Section 2255 judgment that was filed more than 180 days after entry of the judgment); Daniel v. United States, 231 F. App'x 937, 937-38 (11th Cir. 2007) (same); Robinson v. United States, No. 1:05cv91-MHT, 2008 WL 696877, at *2 (M.D. Ala. Mar. 13, 2008) ("[B]ecause Robinson's motion for leave to file a belated appeal was filed well after expiration of the 180-day period after entry of the judgment denying his [Section] 2255 petition, his motion is untimely under Rule 4(a)(6).").

Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion to reopen the time to appeal the Court's Order and Judgment denying him relief under Section 2255 [458] is **DENIED**.

---

Cir. 2010).  Even before Bowles declared Rule 4(a)(6) to be jurisdictional, the Eleventh Circuit held that "the mere failure of the district court clerk's office to serve [a party] with notice of [an] . . . order, standing alone, does not constitute a judicial assurance or action sufficient to warrant relief under the unique circumstances doctrine." Vencor Hosps., 279 F.3d at 1312 & n.5.

**IT IS FURTHER ORDERED** that Civil action number 1:14-cv-1159-WSD-LTW, which was opened when Movant filed his appeal motion, is **DISMISSED**.

**SO ORDERED** this 11th day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE